331 So.2d 57 (1976)
CIRCLE FOOD STORES, INC.
v.
Clarice Eva GABRIEL.
No. 7158.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Lillian M. Cohen, Dorothy F. Waldrup, Charles R. Maloney, New Orleans, for third-party plaintiff-appellee.
*58 Joseph Neves Marcal, III, New Orleans, for third-party defendant-appellant.
Before REDMANN, STOULIG and BEER, JJ.
REDMANN, Judge.
This appeal questions the sufficiency of the proof that third-party defendant Cordier was a co-embezzler with third-party plaintiff Gabriel and therefore liable to Gabriel for half, C.C. 2103-2104, of the $34,720 for which Gabriel settled the main demand against herself for $114,800 missing from Circle Food Store's cash room, where Gabriel was manager and Cordier assistant manager.
Cordier admits betting on horse races for a partnership of Gabriel and herself, which started with $100 capital, in amounts ranging into thousands of dollars over a period of a few months, up until she left her employment with the store. She also bought race horses for a total cash outlay of $7,500 during her employment, and after her employment repaired her home for $4,190 which she got from Gabriel from the cash room. But, says Cordier, she and Gabriel won at betting, and she bought the horses with winnings, and the $4,190 was to have come from their winnings which she left behind in the cash room when she quit.
Gabriel testified that, after a period of winning, losses occurred and Cordier revealed to her that the store's money had been used and there was a resultant shortage. Gabriel testified that Cordier continued to make bets in an effort to regain the losses, and that shortly after Cordier quit the store Gabriel tallied the cash shortage at $114,000 (which she says Cordier at the time agreed was the amount used for betting). Gabriel continued to conceal the $114,000 shortage for five months after Cordier left, using a false deposit-slip system she says Cordier explained to her.
Gabriel's testimony, with the corroborating circumstances recited, sufficed to prove Cordier's co-embezzlement. Cordier errs in arguing that very exacting proof requirements apply to this case, as if it were a criminal case or one seeking to annul or contradict a written contract on grounds of fraud. The proof burden here is the simple civil one "by simple presumptions or by legal presumptions, or by other evidence. The maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence." C.C. 1848. Cordier and her benefited husband are liable.
Appellants also argue that the claim was prescribed because filed against them long after a year after the discovery by plaintiff of the shortage. We agree with the trial judge's analysis that Gabriel and Cordier were liable to plaintiff in solido andassuming that one year prescription appliessuit against Gabriel interrupted prescription of appellants' obligation to plaintiff to which C.C. 2161(3) subrogates Gabriel.
Finally, appellants question refusal of a request for jury trial filed the day before trial in an "answer and reconventional demand" to a much earlier amended answer by Gabriel relative to plaintiff-Gabriel issues. Pretermitting the argument over timeliness of the request in respect to that amended answer, we note that appellants are not entitled to insist that plaintiff-Gabriel issues be tried at all, much less by jury. Insofar as those issues might also be Gabriel-Cordier issues, they had to have been raised in Gabriel-Cordier pleadings, in respect to which the request was untimely under C.C.P. 1732. Appellants might have been entitled to jury trial of their reconventional demand if it were to be tried; but the judge properly refused to try that day-before-trial demand, dismissing it as of non-suit, because it would have "retard [ed] the progress of the principal action," C.C.P. 1033.
Affirmed.